# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Troy L. Scarborough, ) | |
| ) | Civil Action No.: 0:20-cv-02331-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Winthrop University and Daniel Gordon, ) | |
| *an agent of Winthrop University and* ) | |
| *individually*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Troy L. Scarborough brought this action seeking relief against Defendants Winthrop University and Daniel Gordon ("Gordon") (together "Defendants") alleging claims of workplace racial discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983. (ECF No. 1.)

This matter is before the court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to the United States Magistrate Judge for pretrial handling. On January 15, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") in which she recommended that the court grant Defendants' Motion to Dismiss as to all of Plaintiff's claims. (ECF No. 12 at 15.) On February 18, 2021, Plaintiff filed Objections to the Magistrate Judge's Report, which are presently before the court. (ECF No. 17.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **GRANTS** Defendants' Motion to Dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The facts of this matter are discussed in the Report. (*See* ECF No. 12 at 2–5.) The court

1

concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein facts viewed in the light most favorable to Plaintiff that are pertinent to the analysis of her claims.

Plaintiff, an African American male, "has served with distinction as an Instructor and Adjunct Professor" at Winthrop University since 2014. (ECF No. 1 at 3 ¶ 13.) As an Adjunct Professor, Plaintiff has taught a wide variety of theatre courses. (*Id*. at 4 ¶ 18.)

In the fall of 2016, Plaintiff alleges that he was encouraged by Defendant Gordon, the chair of the department, "to apply for a new position of full-time Professor of Acting with a focus in Musical Theatre." (*Id*. ¶¶ 17, 19.) "After submitting an application in January of 2017, he was offered a phone interview, like the rest of the candidates, with the full-time faculty of the department." (*Id*. at 4–5 ¶ 19.) Plaintiff alleges that, "[a]fter the brief phone interview in late February 2017, [he] never received any notification of his status in the hiring process." (*Id*. ¶ 20.) Plaintiff further alleges "[h]e was disheartened to learn that all the applicants brought to campus were Caucasian, and that "there was no diversity on the Winthrop University Search Committee." (*Id.*)

Despite the outcome of the interview process, Plaintiff alleges that Gordon offered him the opportunity to teach two (2) more adjunct classes because he wanted the classes to be taught by "the best people." (*Id.* ¶ 21.) Plaintiff accepted Gordon's offer. (*Id.*) Plaintiff then alleges that when he went to pick up his textbook for the fall semester from Gordon's office, he asked Gordon why he was passed over for the position. (*Id.*) Gordon responded that Plaintiff looked good on paper, but his answers in his phone interview were "too short." (*Id.*) When Plaintiff asked why he was not asked to elaborate, Gordon stated that "he and the committee had to stick to a script because to do otherwise would give one candidate an unfair advantage." (*Id.*)

Plaintiff later learned Winthrop University and Gordon had filled two (2) new positions with Caucasian males and alleges that he was not considered for these positions. (*Id.* at 6 ¶ 25.)[1] Plaintiff alleges that he "filed a formal grievance to address this issue within the University process." (*Id.* at 6–7 ¶ 26.) "He initially met with Zan Jones, Associate Vice-President of Human Resources and Chief Diversity Officer, on August 16, 2017, to address his concerns." (*Id.*) Next, he met "with LeeAnn Pounds [("Pounds")], Employee Relations Manager, on October 19, 2017, to give a full account of his concerns for the investigation into his claims." (*Id.*) Pounds found "no evidence of racism in the hiring process" and instructed Plaintiff to contact the Provost, Debra Boyd ("Boyd"). (*Id.* at 7 ¶ 27.) Plaintiff met with Boyd in January 2018. (*Id.*) Plaintiff alleges that after Boyd had conducted her own internal audit, she told him that "she could not find one negative complaint about Plaintiff concerning his interactions with students." (*Id.*) Plaintiff further alleges that Boyd told him he was a "change agent," and "there would be a mandate to hire a person of color for the next position openings." *(Id.)* Plaintiff alleges that Boyd "encouraged him to apply for future openings in the department." (*Id.*)

Plaintiff also alleges, and provides multiple examples, that in addition to Winthrop's hiring practices lacking diversity, the theatre seasons, including which shows and directors were selected for performances, also lacked diversity. (*Id.* at 7 ¶ 28–10 ¶ 36.)

On June 19, 2020, Plaintiff filed a Complaint in this court alleging that Defendants subjected him to race discrimination in violation of 42 U.S.C. §§ 1981, 1983. (ECF No. 1.) On September 18, 2020, Defendants filed a Motion to Dismiss. (ECF No. 5.) On November 2, 2020, Plaintiff filed a Response to the Motion to Dismiss, and on November 9, 2020, Defendants filed

---

[1] Plaintiff alleges he holds one (1) more degree than the white males hired and that he holds a certificate from the American Musical and Dramatic Academy that neither of the white males have. (ECF No. 12 at 3–4, n.1.)

their Reply. (ECF Nos. 8, 9.)

Upon her review, the Magistrate Judge filed a Report on January 15, 2021, recommending that the court grant Defendants' Motion to Dismiss as to all of Plaintiff's claims. (ECF No. 12.) A month later, on February 17, 2021, Plaintiff filed a Motion to Amend/Correct his Complaint, seeking to add factual allegations, remove his former claims, and include new claims for negligent hiring and supervision. (*See* ECF Nos. 16, 18-1.) The next day, on February 18, 2021, Plaintiff filed Objections to the Report. (ECF No. 17.) Defendants opposed Plaintiff's Motion to Amend (ECF No. 18) and filed a Response to Plaintiff's Objections (ECF No. 22). Plaintiff then filed a Reply to Defendants' Response to his Objections (ECF No. 24). On June 11, 2021, the court denied Plaintiff's Motion to Amend/Correct Complaint. (ECF No. 16.)

The court considers the merits of Plaintiff's Objections (ECF No. 17) to the Report (ECF No. 12) below.

## II.    JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983, as they arise under the laws of the United States.

## III.    STANDARD OF REVIEW

### A.    The Magistrate Judge's Report and Recommendation

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This court is charged with making a *de novo* determination of those

4

portions of the Report and Recommendation to which specific objections are made, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is not clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. Civ. P 72 advisory committee's note.). Failure to timely file specific written objections to a Report and Recommendation will result in a waiver of the right to appeal from an Order from the court based upon the Report and Recommendation. 28 U.S.C. § 626(b)(1). The court will undertake a *de novo* review as to the portions of the Report and Recommendation to which objections were timely made.

**B.     Motions to Dismiss Generally**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "In so doing, a court may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV.     ANALYSIS

### A.     The Report and Recommendation

In the Report, the Magistrate Judge first addressed Plaintiff's claims brought pursuant to 42 U.S.C. § 1981. (ECF No. 12 at 6.) The Magistrate Judge observed that Defendants argued that 42 U.S.C. § 1983 is the sole and exclusive federal remedy for their alleged violation of Plaintiff's rights under 42 U.S.C. § 1981 and, therefore, his claims brought pursuant to 42 U.S.C. § 1981 should be dismissed. (ECF Nos. 12 at 6; 5-1 at 4 (citing, *e.g.*, *Dennis v. Cty. Of Fairfax*, 55 F.3d

151, 156 n.1 (4th Cir. 1995) ("*Jett*[2] held that when suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of rights guaranteed in § 1981.'".) The Magistrate Judge noted that Plaintiff "does not address Defendants' argument concerning his U.S.C. §1981 claims," and recommended that the district court dismiss Plaintiff's claims brought pursuant to 42 U.S.C. §1981. (ECF No. 12 at 6–7.)

The Magistrate Judge next addressed Defendants' argument that Winthrop University and Gordon, as to claims brought against him in his official capacity, are entitled to Eleventh Amendment immunity. (*Id.* at 9.) The Magistrate Judge was not persuaded by Plaintiff's argument that, based on S.C. Code Ann. § 59-215-70 (West 2021) and § 59-101-650 (West 2021), the Eleventh Amendment Immunity standard imputed to Defendants in this case should be waved. (ECF No. 12 at 6.) Specifically, the Magistrate Judge determined that "the statutes cited by Plaintiff do not explicitly specify Winthrop University's intention to subject itself to suit in federal court, nor does Plaintiff indicate Winthrop University has participated in any relevant federal spending program." (*Id.* at 10.) The Magistrate Judge also noted that this court has previously held Winthrop University is entitled to dismissal of claims brought pursuant to 42 U.S.C. § 1983 under the Eleventh Amendment. (*Id.* at 10–11 (citing *Lee v. Winthrop Univ.*, C/A No. 0:17-1476-DCC-PJG, 2018 WL 6288112, at *3 (D.S.C. Sept. 7, 2018) (holding Winthrop University and faculty members, to the extent they were sued in their official capacities, immune from suit because they are not "persons" under 42 U.S.C. § 1983 and because Eleventh Amendment immunity for 42 U.S.C. § 1983 had not been waived), report and recommendation adopted, C/A 0:17-1476-JFA-PJG, 2018 WL 6267813 (D.S.C. Nov. 30 2018)).) As a result, the Magistrate Judge recommended that the court dismiss Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against Winthrop

---

[2] *Jett* is *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989).

University and Gordon in his official capacity. (*Id.*)

The Magistrate Judge next addressed Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against Gordon in his individual capacity.[3] The Magistrate Judge determined that "Plaintiff has failed to identify any factual allegations that Gordon, in his individual capacity, acted personally in the deprivation of Plaintiff's rights, nor can the court discern any such factual allegations." (ECF No. 12 at 13–14.) As a result, the Magistrate Judge recommended that the district court dismiss Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against Gordon in his individual capacity. (ECF No. 12 at 14.) Accordingly, the Magistrate Judge also recommended that the district court dismiss Plaintiff's claims for punitive damages and attorney's fees. (*Id.* at 14–15.)

**B.     Plaintiff's Objections**

Plaintiff objects to the Report only as it pertains to his claims brought pursuant to 42 U.S.C. § 1983 against Gordon in his individual capacity. (ECF No. 17 at 1.) Plaintiff argues that the Complaint, as currently worded, contains sufficient facts and allegations to show the personal conduct of Gordon warrants the case moving forward. (*Id.* at 5.) Specifically, Plaintiff asserts that Gordon "played a significant role in the hiring and promotions process across the department," and that "the committee that made the decision to pass over the Plaintiff was headed by Gordon and contained no diverse members." (*Id.* at 6.) Additionally, Plaintiff argues that although Gordon encouraged Plaintiff to apply for the full-time position, he gave "little consideration" to Plaintiff's "abilities and qualifications." (*Id.*) Plaintiff asserts that Gordon's actions imply "Plaintiff is only good enough to serve in an adjunct capacity, as these are the only opportunities afforded

---

[3] As the Magistrate Judge noted, claims against a state official in his or her individual capacity are not barred by the Eleventh Amendment. (ECF No. 12 at 11 (citing *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991)).)

Plaintiff." (*Id.*) Plaintiff further contends that this conclusion "is bolstered by the fact that two Caucasian males were hired into full-time positions since Plaintiff worked there." (*Id.*)

**C.     The Court's Review**

Plaintiff did not object to the Magistrate Judge's recommendation that this court grant Defendants' Motion to Dismiss as to: (1) his claims brought pursuant to 42 U.S.C. § 1981; and (2) his claims brought pursuant to 42 U.S.C. § 1983 against Winthrop University and Gordon in his official capacity. [I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is not clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d 310 at 315. The court concludes that there was no clear error as to the Magistrate Judge's recommendation to dismiss Plaintiff's claims brought pursuant to 42 U.S.C. § 1981. There was also no clear error regarding the Magistrate Judge's determination that Winthrop University and Gordon, in his official capacity, are immune from suit under the Eleventh Amendment. As a result, the court need only address Plaintiff's objection to the Report regarding his claims brought pursuant to 42 U.S.C. § 1983 against Gordon in his individual capacity.

To assert a viable §1983 claim against a public official, a causal connection or affirmative link must exist between the public official and his/her conduct. *See Iqbal*, 556 U.S. at 676 (providing a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, U.S. 362, 371–72 (1976) (a § 1983 plaintiff must show he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine

9

of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *see also Adams v. Trs. of Univ. of N.C. Wilmington*, 640 F.3d 550, 566 (4th Cir. 2011) (holding a plaintiff is "required to plead sufficient facts" in asserting a claim under section 1983 for a violation of the equal protection clause, "to demonstrate that [s]he has been treated differently from others with whom [s]he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.") (citations omitted); *Smith v. Univ. of N.C.,* 632 F.2d 316, 345–46 (4th Cir. 1980) (explaining that in cases involving employment decisions of academic institutions, the court's review is limited to whether the appointment or promotion was denied because of a discriminatory reason).

This court agrees with the Magistrate Judge's determination that Plaintiff has failed to identify any factual allegations that Gordon, in his individual capacity, acted personally in the deprivation of Plaintiff's rights. (ECF No. 12 at 13–14.) Plaintiff alleges that Gordon played a "significant role" in the hiring and promotions decisions made by the department but fails to identify any specific conduct that would establish an affirmative link between Plaintiff's alleged injury and that conduct. (ECF No. 17 at 4–6.) To the extent Plaintiff relies on Gordon's supervisory role as head of the committee that made the decision to pass over Plaintiff (*see id.* at 6), it is well established that "[t]he doctrine of supervisory liability is generally inapplicable to § 1983 suits, . . . ." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Williamson v. Stirling*, 912 F.3d 154, 171–72 (4th Cir. 2018) (holding that officials who have "played key roles" in an alleged violation, such as by "authoriz[ing]" or "seeking and recommending approval" of the actions at issue may be subject to liability under § 1983); *Wright*, 766 F.2d at 850 (requiring that the official "had personal knowledge of and involvement in the alleged deprivation . . . in order to be liable."). Plaintiff has made only conclusory statements alleging Gordon violated his rights and

10

identifies no specific unconstitutional action by Gordon giving rise to a claim under § 1983. (ECF No. 17 at 4–6.)[4]

## V. CONCLUSION

For the foregoing reasons, the court hereby **OVERRULES** Plaintiff's Objections (ECF No. 17) and **GRANTS** Defendants' Motion to Dismiss (ECF No. 5). As a result, the court **DISMISSES WITH PREJUDICE** all of Plaintiff's claims brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983, as well as Plaintiff's claims for punitive damages and attorney's fees. (ECF No. 1.)

The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 27, 2021
Columbia, South Carolina

---

[4] In his Objections, Plaintiff also alleges that he experienced an adverse employment action at the hands of Gordon. (ECF No. 17 at 6.) However, Plaintiff appears to conflate an adverse employment action under Title VII with his claim under 42 U.S.C. § 1983 against Gordon in his individual capacity.

11